Ines MATHIS, Plaintiff-Appellant,

v.

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

Jan. 21, 1981.

Permission to Appeal Denied by Supreme Court April 27, 1981.

Abridged Opinion May 8, 1981.

Charles Peterson, Waynesboro, for plaintiff-appellant.

George G. Gray, Waynesboro, for defendant-appellee.

ABRIDGED OPINION

TODD, Presiding Judge.

(With the concurrence of the participating judges, the original opinion is abridged for publication.)

This suit relates to benefits claimed under a family health policy relating only to cancer which was issued by defendant, American Family Life Assurance Company of Columbus, to Herbert Mathis on April 1, 1979. The appeal is from a summary judgment dismissing the suit.

The suit was filed on behalf of Ines Mathis alleging that the policy was issued to her and that she was entitled to benefits therefrom on account of cancer diagnosed on May 7, 1979.

On April 22, 1980, an "Order of Substitution" was entered reciting:

The above styled cause came on upon the motion of the husband of the Plaintiff, Ines Mathis, deceased, to be substituted as party of interest in the foregoing cause.

There being no objections to the substitution, it is therefore ORDERED, ADJUDGED, and DECREED that Herbert Mathis, husband of the decedent and heir to her estate, be and hereby is substituted as the real party in interest in the above styled cause.

The record received in this Court designates Ines Mathis as plaintiff-appellee. The caption of this cause should be corrected to conform to the facts.

■ This Court is not aware of any rule of law which permits a "husband and heir" to be substituted for a deceased plaintiff. This irregularity should be corrected on remand by substituting the duly qualified personal representative (executor or administrator) of the estate of the deceased.

The policy contains the following provisions:

A. If any insured shall become afflicted with cancer, as herein defined, which is first diagnosed as provided herein on or after the 30th day following the effective date shown in the Policy Schedule and while this policy is in force, provided such insured has never had any cancer diagnosed prior to such 30th day, the Company will pay indemnities according to the Schedule of Benefits, Part 3, and Extended Benefits, Part 1-B, for the expenses incurred by the insured, except as otherwise provided herein, for the definitive treatment of such cancer, . . .

. . . .

Part 2 CANCER DEFINED—POSITIVE PATHOLOGY REQUIRED

A. Cancer is defined as a disease manifested by the presence of a malignant tumor characterized by the uncontrolled growth and spread of malignant cells, the invasion of tissue, or leukemia.

Such cancer as above defined must be positively so diagnosed by a legally licensed doctor of medicine certified by the American Board of Pathology to practice Pathologic Anatomy or by an Osteopathic Pathologist, upon the basis of a microscopic examination of fixed tissue, or

preparations from the hemic system (either during the life or post-mortem). The pathologist establishing the diagnosis shall base his judgment solely on the criteria of malignancy as accepted by the American Board of Pathology or the Osteopathic Board of Pathology after a study of the histocytologic architecture or pattern of the suspect tumor, tissue, or specimen. Clinical diagnosis does not meet this standard.

A request for admissions, which was unanswered, contained a laboratory report stating the following:

REQUEST FOR CYTOLOGIC EXAMINATION

Patient:  Mathis, Iniz

Source of Material   Thora Fluid

CYTOLOGIC DIAGNOSIS

Cytology Report No. PW–79–6051

X CLASS V MALIGNANT CELLS – Confirm with biopsy or conization before radical procedure.

The "Statement of Evidence" approval by the Trial Judge contains the following:

The evidence shows that the Appellant purchased a cancer insurance policy from the American Family Life Assurance Company of Columbus, Policy No. A474185, on March 22, 1979; and the policy became effective on April 1, 1979. Thereafter, the Appellant was admitted to the hospital on April 16, 1979; whereupon, it was determined that the Appellant, Ines Mathis, had fluid on the lungs, i. e. plueral effusion; said fluid, obtained by a thoracotomy, was examined by a pathologist, Dr. G. R. Mayfield, M. D. Whereupon, by a cytologic diagnosis, Class V malignant cells were determined to be present; but, a biopsy was recommended before any radical procedure was followed. Thereafter, on May 7, 1979, the Appellant, Ines Mathis, was diagnosed, by tissue biopsy, as having ovarian carcinoma.

. . . .

Whereupon argument of the motion, Defendant related that the cytologic diagnosis was all that was required to be a positive diagnosis. The Plaintiff countered that the policy required a fixed tissue biopsy before the diagnosis would be accepted as positive proof of malignancy.

The Court ruled that the intent of the policy was that, if cancer was discovered by positive diagnosis of any means within 30 days of issuance the policy was voided.

The brief of appellee points out that the policy provision quoted above requires that a *claim* will be paid for a cancer diagnosed "as provided herein" (microscopic examination of fixed tissue or preparations from the hemic system) and that the policy does not require such strictness of diagnosis in respect to the diagnosis of cancer prior to the 30th day of the policy which states, "provided such insured has never had any cancer diagnosed prior to such 30th day."

However, Part 2 of the policy, quoted above, is entitled "Cancer defined, positive pathology required." In said Part 2, cancer is defined generally in the first paragraph and the second paragraph continues the definition by stating, "*Such* cancer as above defined must be positively diagnosed . . . upon the basis of a microscopic examination of fixed tissue, or preparations from the hemic system . . . ."

■ Even though, as insisted by appellee, the policy is more specific in designation of the method of diagnosis for purpose of a claim than for purposes of defending a claim, the policy by its definition of the word, cancer, includes the strict diagnosis. An illness diagnosed by any means other than that provided by the policy is simply not cancer for the purposes of the policy.

By the application of the policy definition of cancer, the illness diagnosed prior to the 30th day by cytologic diagnosis was not cancer within the definition stated in the policy.

This Court respectfully disagrees with the Trial Judge that cancer diagnosed by any reliable means within the first 29 days of the policy releases the defendant from liability.

■ The defendant may have intended to establish a dual standard of diagnosis—a

strict standard for its policyholders and a liberal standard for itself; but, if so, the defendant did not adequately carry out its intent. Having worded its own policy, the defendant must be held strictly to the meaning of the words it selected.

There are some doubtful areas in the lawsuit involving the insured named in the policy, the relationship of the original plaintiff to the policy, the correct spelling of her name, and the proper party to be substituted for plaintiff after her death. If this suit is to continue, these doubtful matters must be clarified. This Court would not affirm a judgment with the record in its present state.

The judgment of the Trial Court is reversed. The cause is remanded for further proceedings. Costs of this appeal are taxed against the defendant-appellee.

Reversed and remanded.

LEWIS and CANTRELL, JJ., concur.